Per Curiam.
The appellants claim that a re-argument should be granted in this action, upon the ground that no final estimate was made by the chief engineer under the contract between the plaintiffs and defendants, and that the only estimate made by that officer was under the contract between the defendants and the railroad company.
We are asked to construe a part of the findings made by the special term in connection with a certain exhibit set forth in the record, and, although the case does not purport to contain all of the evidence, it is asserted that when the findings are thus construed the conclusion is fairly required that no distinct estimate of the plaintiffs’ work was made by the chief engineer.
An examination of the pleadings, however, shows that there was no issue between the parties as to whether a final estimate under the contract between them was made or not. Indeed, it is distinctly alleged by the plaintiffs, and admitted by the defendants, that a final estimate was made under their contract by the chief engineer, who was charged with the-duty of making it. The issue related to the way it was made, and necessarily assumed that it had in fact been made.
The first cause of action set forth in the conqilaint is based upon fraud, and as the trial court found against the plaintiffs-upon that issue, and they did not appeal, it requires no further notice.
By the second cause of action the plaintiffs sought to set aside an award made by the chief engineer, under their contract with the defendants, as erroneous and void and for an accounting. By this count the plaintiffs, after setting forth their contract with the defendants, marked schedule “A” and annexed to the complaint, and certain portions of the defendants’ contract with the railroad company, allege that in the execution of their contract they performed work and furnished materials as follows:
*24 1,590,450 feet, board measure, of timber required for structures, on which then became due, according to said contract, the sum of...................... $66,798 99'
57,797 lineal feet of piles driven,- on which became due........................................ 27,742 56-
815 lineal feet of Howe truss bridges, on which became due................................... 9,765 00'
91,803 pounds of iron, required for the structures, on which became due........................... 9,180 30'
Besides the sum of............................. 5,123 07 for preparations of foundations and other extra work and material, the amount and price of which has been duly agreed upon and is not disputed.
Thus the plaintiffs set forth the work that they claimed to have done and the materials that they claimed to have furnished under their contract with the defendants. They then allege that the chief engineer neglected and declined to make the estimates “ as the same were provided to be made ” in said contract.
It will be observed that they do not allege that no estimate was made, but that none was made in the way that the contract provided, and they immediately proceed to state the reasons for this-position, as follows: “The occupation and duties of said chief engineer as an employee of said railroad company, having, as he1 did, his office at the city of New York, has rendered such an estimate practically impossible. That he has not viewed said work and materials, nor made the surveys, measurements, or observations required and essential to make an intelligent and accurate1 estimate or award in the premises, and said chief engineer has declined to assume the spirit of an arbitrator in the matter of said estimates, and refused to consider thesé plaintiffs as an equal party to any arbitration or award respecting said estimates; that these plaintiffs have not, nor either of them, been notified or permitted to attend upon any survey, measurement, or proceedings had by said arbitrator to determine the amount of said work and materials or either; that these plaintiffs offered to present evidence to said arbitrator respecting said amount, but said arbitrator declared he would rely upon the statements of the subordinates of the railroad company and could not consider the statements of plaintiffs or their employees respecting the same, and refused to consider such statements and'proofs when offered. * * * That, nevertheless, said chief engineer has made his estimates and awards of the amount of said work and materials for the months of May, June, July, August and September, 1872. * * * That after said May estimate all said estimates were erroneous, and underestimated the amount of work they purported to report; * * * that said work,” referring to the work done by the plaintiffs, “ was completed about the 1st of August, 1873 ; that after the said completion and upon various and contradictory reports and estimates made by the agents of said railroad company respecting said work, said arbitrator made a final estimate thereof against the representations of these plaintiffs and the facts of the case * * * that the final estimate *25 so made was made in tlie same erroneous and imperfect manner as hereinbefore stated respecting said monthly estimates; that said final estimate, instead of the amount hereinbefore stated as the true amount of work and materials furnished by these plaintiffs and the amounts due thereon under said contract, stated said amounts erroneously, as follows :
For 1,417,677 feet, board measure, of timber required in structures............................. $58,542 43
For 40,999 lineal feet of piles required in these structures ........................ 19,679 52
For 315 feet of Howe Truss Bridge.-..... 9,765 00
For 90,200 pounds of iron required in structures.... 9,020 00
For extra work....... 5.123 07
Making an underestimate of nearly 172,773 feet board measure of timber, 16,798 lineal feet of piles and 1,603 pounds of iron, for which there was and is due and payable to these plaintiffs according to the terms of their contract the sum of $15,479.50.” Thus they not only allege, as a fact, that a final estáñate was made, but they also set forth the substance thereof, claiming, however, that it was illegally made for the reasons stated.
They next allege, but in the same count, that they sustained damages to the amount of $5,000 by reason of certain delays caused by the defendants; insist that said sum is a proper charge and allowance in their favor, and then continue as follows : “ That upon said erroneous estimates, as made for the work and materials therein stated, after deducting all payments that had before been made to these plaintiffs, there was still, at the time of the said final settlement, and remains still due and payable to these plaintiffs from said defendants, including said ,$5,000, the sum of $19,881.34.”
These are the only allegations of the complaint that are material, either as illustrating its theory or as bearing upon the point under consideration.
The demand for judgment, omitting that part which relates to the relief that the plaintiffs thought they were entitled to under the first count, is, “ that the estimates and awards made under plaintiffs' contract, marked Schedule A., of the amount of work and materials performed and furnished by these plaintiffs be set aside as erroneous, unfair to these plaintiffs, improperly made and void; that an account be taken of the amount of work and materials so performed and furnished by these plaintiffs classified as in said contract; and of the increased cost and amount of damages unto these plaintiffs, by reason of the defaults and delays to said work, and of the payments made to them on account thereof; that these plaintiffs have judgment against the defendants herein for the amount remaining due them for said work and materials so performed and furnished.”
There was also a demand for general relief.
The allegations that the monthly estimates, as well as a final estimate, were made by the chief engineer, are not denied by the *26 answer, although it is denied that any of these estimates were-erroneously or improperly made.
The theory of this count of the complaint is that the contract, between the parties required a final estimate by the chief engineer; that he made a final estimate, but without personally measuring the work, and after refusing to hear evidence offered by the plaintiffs; that the final estimate so made by him was void for these reasons, and should be set aside, and an accounting had upon the proper basis. The fundamental fact alleged as the only obstacle to the accounting that was desired, is the final estimate-by the chief engineer. The plaintiffs set forth said final estimate- and the reasons why it should beset aside, and then demand that, it be set aside so that they can have an accounting. The only reason for coming into a court of equity was to get rid of the. final estimate or award.
This was not only the theory of the action according to the-pleadings, but it was the theory upon which the action was tried and decided.
The trial judge found that the chief engineer “ gave estimates of and certificates purporting to be for all the work performed by the plaintiffs and by ” the defendants. He also found that a final estimate was made under the contract between the defendants and the railroad company, a fact that was not alleged in the complaint. He did not find, otherwise than as stated above, that a final estimate was made under the contract between the plaintiffs and defendants, but it was sufficiently found and, indeed, it was unnecessary that he should find a fact that was specifically alleged in the: complaint and not denied by the answer. The special term decided that the plaintiffs were entitled to correct the final estimate,. because it was made by the chief engineer without personally measuring the work and because he refused to hear evidence, and that the plaintiffs were entitled to recover “for their work and materials shown by an estimate so corrected.”
We think that the findings should be construed with reference' to the facts admitted by the pleadings and that it cannot be assumed that no final estimate was made because such estimate: does not appear in the evidence, inasmuch as the case docs not state that it contains all of the evidence. 1 f the case had been so made up as to omit the contract between the parties from the evidence, could either party claim upon an appeal to this court that, there was no such contract, when it was distinctly set forth in the complaint and admitted by the answer? Can it, with any more reason, be claimed that there was no final estimate because it. docs not happen to appear in the case, when the fact is admitted by the pleadings and the case contains only a portion of the evidence ?
If the court had found that no final estimate was made, it might be assumed, from the defective state of the record, that the-parties voluntarily disregarded the admissions of the pleadings and tried a new issue impliedly joined during the progress of the trial; but there is no such finding. On the contrary, the findings-, are in accordance with the pleadings in this regard, and it appears *27 as a fact admitted by the record that there was a final estimate made under the contract between the parties to this action by the person therein designated for that purpose and also the substance of that final estimate.
The attorney for the plaintiffs, in his brief, filed upon the argument before us, repeatedly assumes that there was such a final estimate, and the learned general term, in its opinion, both upon the argument and the re-argument of the case, when before that court, proceeded upon the same assumption. No claim to the contrary appears to have been made by anyone until the case reached this court, when it was somewhat obscurely asserted by one of the counsel for the plaintiffs, but was assumed not to be well founded by the other.
The motion should be denied, with ten dollars costs.
All concur.